Shahrad Milanfar (SBN 201126)
smilanfar@milanfarlaw.com
Donavon Sawyer (SBN 302560)
dsawyer@milanfarlaw.com
**MILANFAR LAW FIRM, P.C.**
925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
Telephone: (925) 433-6003
Facsimile: (925) 433-6004

Attorneys for Plaintiffs
ROSEMARIE MENDOZA and ARTHUR MENDOZA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARIE MENDOZA and ARTHUR MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; SOUTH GATE POLICE DEPARTMENT; EDWARD BOLAR; JOSE GONZALEZ; KENNETH HALEY, AARON SOSA; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process— (42 U.S.C. § 1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Municipal Liability— Failure to Train (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

1. Plaintiffs Rosemarie Mendoza and Arthur Mendoza file their complaint against Defendants CITY OF LOS ANGELES, SOUTH GATE POLICE DEPARTMENT, Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA, and Does 1-50, inclusive, and allege as follows:

///

///

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal detainment of the DECEDENT, Arturo Mendoza.

## PARTIES

3. At all relevant times, Arturo Mendoza ("DECEDENT") was an individual residing in the County of Los Angeles, California.

4. Plaintiff Rosemarie Mendoza is the natural born daughter of DECEDENT. As such, Ms. Mendoza is a successor-in-interest to DECEDENT and brings this action in her individual capacity and as successor-in-interest. Plaintiff seeks both survival and wrongful death damages under Federal and State law.

5. Plaintiff Arthur Mendoza is the natural born son of DECEDENT. As such, Mr. Mendoza is a successor-in-interest to DECEDENT and brings this action in his individual capacity and as successor-in-interest. Plaintiff seeks both survival and wrongful death damages under Federal and State law.

6. At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, Defendant SOUTH GATE POLICE DEPARTMENT ("DEPARTMENT") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY and/or DEPARTMENT were the employer of Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA and DOES 1-10, who were CITY and DEPARTMENT police officers, DOES 10-20, who were CITY and DEPARTMENT police officers' supervisorial officers, and DOES 20-30, who were managerial, supervisorial, and policymaking employees of the CITY and DEPARTMENT. On information and belief, at all relevant times, EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA, and DOES 1-50 are sued in their official capacity as agents and employees of CITY and DEPARTMENT as well as in their individual capacities.

///

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

7. At all relevant times, Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA, and DOES 1-50 were duly authorized employees and agents of CITY and DEPARTMENT, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principals, Defendants CITY and DEPARTMENT.

8. At all relevant times, Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA, and DOES 1-50 were duly appointed officers and/or employees or agents of CITY and DEPARTMENT, subject to oversight and supervision by CITY's elected and non-elected officials and DEPARTMENT's elected and non-elected officials.

9. In doing the acts and failing and omitting to act as hereinafter described, Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA, and DOES 1-50 were acting on the implied and actual permission and consent of CITY and/or DEPARTMENT.

10. At all times mentioned herein, each and every DEPARTMENT defendant was the agent of each and every other DEPARTMENT defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEPARTMENT defendant.

11. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

12. The true names of defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13. By the time of filing this Complaint, CITY and DEPARTMENT have not provided Plaintiffs with any police report related to the fatal detainment of the DECEDENT, Arturo Mendoza. Accordingly, Plaintiffs reserve the right to amend this Complaint once the CITY and/or DEPARTMENT has provided any and all police reports and / or evidence related to

**Milanfar Law Firm, PC**

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

the fatal detainment of the DECEDENT.

## JURISDICTION AND VENUE

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants work in or reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiffs incorporate by reference all allegations detailed above as though set forth herein.

17. On or about February 2, 2019, DECEDENT was located in an undisclosed residential neighborhood in the City of South Gate, California.

18. While in the undisclosed residential neighborhood in the City of South Gate, California, Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA grabbed DECEDENT, lifted DECEDENT off the ground, threw DECEDENT on the ground, placed their knees on DECEDENT's back and neck, grabbed and twisted DECEDENT's shoulder and arm, tied DECEDENT's legs together, and detained DECEDENT in such a manner as to restrict DECEDENT's ability to breathe, cause DECEDENT to lose consciousness and eventually killing him in the area where Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA initially detained DECEDENT.

19. Immediately before and at the time of the detainment, DECEDENT was unarmed.

20. Prior to being unlawfully restrained, decedent told Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA that he was in distress and was going to die. He was nevertheless unlawfully restrained by the Officers. While being detained on the ground, DECEDENT informed Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA on more than one occasion that DECEDENT could not

**Milanfar Law Firm, PC**

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

breathe.

21. Despite DECEDENT informing Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA that DECEDENT could not breathe, Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA repeatedly dismissed DECEDENT's plea for assistance and continued to forcibly place and leave their knees on DECEDENT's back and neck, grab and twist DECEDENT's shoulder and arm, and tie DECEDENT's legs together in the same manner which restricted DECEDENT's ability to breathe.

22. At the time of the detainment, DECEDENT posed no immediate threat of death or serious physical injury to either Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, or AARON SOSA (hereafter "the OFFICERS"), or any other person, especially since he was unarmed and since he was already on the ground when he was detained and repeatedly informed Officers the OFFICERS that he could not breathe.

23. Neither Officer EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, or AARON SOSA, attempted to assess if DECEDENT could not breathe while detained nor did the OFFICERS attempt to adjust the DECEDENT's body to a different position upon being informed by the DECEDENT that he could not breathe. DECEDENT was told that "if he could talk, he could breath." DECEDENT was then put in a hobble restraint and a Total Appendage Restraint Procedure (T.A.R.P) was put on DECEDENT despite his clear distress and pleading for help. The officer's approach in detaining and restraining DECEDENT was unreasonable considering the circumstances.

24. DECEDENT never verbally or physically threatened anyone prior to being fatally detained by the OFFICERS. Further, the OFFICERS had no information that DECEDENT was armed with a weapon, and there was no information that DECEDENT had physically injured anyone.

25. To the contrary, DECEDENT was clearly in distress and needed the OFFICER's help and protection. However, the OFFICERS dismissed DECEDENT's pleas and they fatally detained DECEDENT even though he was not an immediate threat of death or serious bodily

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

injury to the officers or anyone else and nothing impeded the OFFICERS from removing their knee from DECEDENT's back and neck or attempting to adjust the position of DECEDENT's body to one which would not have caused him to lose consciousness and die while detained in the undisclosed residential neighborhood in the City of South Gate, California.

26. The OFFICERS had no objective information that DECEDENT was a threat and had a lot of time to assess and de-escalate the situation safely, which they failed to do.

27. The OFFICERS did not show any reverence for human life.

28. The OFFICERS did not attempt to de-escalate the situation prior to physically attacking Arturo Mendoza.

29. The OFFICERS did not attempt to de-escalate the situation prior to physically restraining Arturo Mendoza.

30. The OFFICERS were required to follow the law and/or DEPARTMENT de-escalation procedures prior to physically restraining Arturo Mendoza.

31. The OFFICERS failed to follow the law and/or DEPARTMENT de-escalation procedures prior to physically restraining Arturo Mendoza.

32. The OFFICERS were required to follow the law and/or DEPARTMENT procedure in how they restrained Arturo Mendoza.

33. The OFFICERS failed to follow the law and/or DEPARTMENT procedure in how they restrained Arturo Mendoza.

34. The OFFICERS are responsible for every instance in which they dismissed DECEDENT's plea for assistance and every second that subsequently passed in which they failed to remove their knee from DECEDENT's back and neck or adjust the position of DECEDENT's body to one which would not have caused him to lose consciousness and die while detained.

35. The OFFICERS were required to render aid to a person in their custody who was in physical distress.

36. The OFFICERS failed to render aid to a person in their custody who was in physical distress.

///

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

37. The OFFICERS were required to render aid to a person in their custody who was in emotional / psychological distress.

38. The OFFICERS failed to render aid to a person in their custody who was in emotional / psychological distress.

39. The OFFICERS unlawfully detained DECEDENT in such a manner that caused him to lose consciousness.

40. The OFFICERS unlawfully detained DECEDENT in such a manner that caused him to stop his active pulse.

41. After unlawfully detaining DECDENT in such a manner as to cause him to lose consciousness, the OFFICERS failed to adequately render aid to DECEDENT.

42. After unlawfully took custody and detaining DECDENT in such a manner as to cause him to lose consciousness, the OFFICERS failed to adequately obtain / facilitate medical care to DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Detention, Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiffs against Defendants CITY and DEPARTMENT, Edward Bolar, Jose Gonzalez, Kenneth Haley, Aaron Sosa and Does 1-50)

43. Plaintiffs incorporate by reference all allegations detailed above as though set forth herein.

44. As agents for CITY and DEPARTMENT, defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA, and DOES 1-50's unlawfully fatal detainment deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45. The illegal and unreasonable detention and use of force by Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and

**Milanfar Law Firm, PC**

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

1 applied to state actors by the Fourteenth Amendment.

2 46. This conduct resulted in DECEDENT's being falsely detained, arrested, and killed by Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA.

47. As a result, DECEDENT suffered extreme mental and physical pain and suffering, and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of DECEDENT's life-long love, companionship, comfort, support, society, care, and sustenance, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

48. The OFFICER's conduct constituted excessive force under the law.

49. The OFFICER's conduct constituted excessive force under their department policies.

50. The OFFICERS, while working as police officers for CITY and DEPARTMENT, and acting within the course and scope of their employment, intentionally detained and deprived DECEDENT of his freedom of movement by use of force, threats of force and unreasonable duress when the OFFICERS repeatedly dismissed DECEDENT's plea for assistance and continued to detain DECEDENT in the same manner which restricted DECEDENT's ability to move or breathe, which ultimately caused DECEDENT who was clearly distressed before and during his interactions with the OFFICERS, to lose consciousness and die in the same area where the involved officers initially detained DECEDENT.

51. The conduct against DECEDENT by the OFFICERS, by repeatedly dismissing DECEDENT's plea for assistance and continuing to detain DECEDENT in the same manner which restricted DECEDENT's ability to breathe until DECEDENT ultimately lost consciousness, was a substantial factor in causing the harm of DECEDENT, namely his death.

52. As a result of their unlawful conduct, Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA, as well as the City of Los Angeles, and South Gate Police Department, and DOES 1-50 are liable for DECEDENT's injuries and death.

///

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

53. The OFFICERS' use of force was unlawful and excessive because the situation did not require the OFFICER's immediate defense of others' lives.

54. The OFFICERS did not give a verbal warning that deadly force would be used despite it being feasible to do so.

55. The OFFICERS had other reasonable options available to them in compliance with the law other than forcibly placing and leaving their knees on DECEDENT's back and neck, grabbing and twisting DECEDENT's shoulder and arm, tying DECEDENT's legs together, restricting DECEDENT's ability to breathe, and killing DECEDENT.

56. This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed and since he was already on the ground when he was detained and repeatedly informed Officers EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA that he could not breathe. The involved officers also repeatedly dismissed DECEDENT's plea for assistance and continued to detain DECEDENT in the same manner which restricted DECEDENT's ability to breathe. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

57. The conduct of EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA.

58. Plaintiffs bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

59. Plaintiffs also seek attorney fees under this claim.

///

///

///

///

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs against Defendants CITY and DEPARTMENT, Edward Bolar, Jose Gonzalez, Kenneth Haley, Aaron Sosa and Does 1-50)

60. Plaintiffs incorporate by reference all allegations detailed above as though set forth herein.

61. As agents for CITY and DEPARTMENT, defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, AARON SOSA, and DOES 1-50's denial of medical care deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

62. As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

63. Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

64. After repeatedly dismissing DECEDENT's plea for assistance with breathing and continuing to detain DECEDENT in the same manner which restricted DECEDENT's ability to breathe, EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA did not timely summon or provide timely medical attention for DECEDENT, who was unconsciousness and had no active pulse, thereby preventing responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

65. The conduct of Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA was willful, wanton, malicious, and done with reckless disregard

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C Walnut Creek, CA 94596 925-433-6003

for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA.

66. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

67. Plaintiffs also seek attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiffs against Defendants CITY and DEPARTMENT, Edward Bolar, Jose Gonzalez, Kenneth Haley, Aaron Sosa and Does 1-50)

68. Plaintiffs incorporate by reference all allegations detailed above as though set forth herein.

69. DECEDENT Arturo Mendoza had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

70. Rosemarie Mendoza had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

71. As a result of the excessive force by, the agents of CITY and DEPARTMENT, EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

72. EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA, acting under color of state law, thus violated the Fourteenth Amendment rights of

Milanfar Law Firm, PC
925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

73. The aforementioned actions of EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs with purpose to harm unrelated to any legitimate law enforcement objective.

74. The OFFICERS acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

75. As a direct and proximate cause of the acts of the OFFICERS, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

76. As a result of the OFFICERS' conduct, they are liable for DECEDENT'S injuries and death because they were integral participants in the denial of due process.

77. The OFFICERS' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to The OFFICERS.

78. Plaintiffs bring this claim individually and seek wrongful death damages for the violation of Plaintiffs' rights.

79. Plaintiffs also seek attorney fees under this claim.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiffs against Defendants Does 1-50, CITY and DEPARTMENT)

80. Plaintiffs incorporate by reference all allegations detailed above as though set forth herein.

///

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

81. On and for some time prior to February 2, 2019 (and continuing to the present date) Defendants CITY and DEPARTMENT, the OFFICERS, and DOES 1-50, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA whom Defendants DOES 1-50, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY and DEPARTMENT Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY and DEPARTMENT Police Officers, and other personnel, who Defendant CITY and/or DEPARTMENT knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, including EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1-50, CITY, and DEPARTMENT were done with a deliberate indifference to individuals' safety and rights; and

(e) Of totally inadequately training CITY Police Officers, EDWARD BOLAR, JOSE

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C Walnut Creek, CA 94596 925-433-6003

GONZALEZ, KENNETH HALEY, and AARON SOSA, with respect to detaining unarmed individuals.

82. By reason of the aforementioned policies and practices of Defendants DOES 1-50, DECEDENT was severely subjected to pain and suffering and lost his life.

83. Defendants DOES 1-50, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

84. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-50, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 1-50, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

85. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 1-50, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

86. By reason of the aforementioned acts and omissions of Defendants DOES 1-50, Plaintiffs were caused to incur medical expenses, funeral and related burial expenses, and loss of financial support.

87. By reason of the aforementioned acts and omissions of Defendants DOES 1-50, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

88. Accordingly, Defendants DOES 1-50, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

89. Plaintiffs seek wrongful death and survival damages under this claim.

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

90. Plaintiffs also seek attorney fees under this claim.

### FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiffs against Defendants Does 1-50, CITY and DEPARTMENT)

91. Plaintiffs incorporate by reference all allegations detailed above as though set forth herein.

92. While acting under the color of state law and within the course and scope of their employment as police officers for the DEPARTMENT and the CITY, EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA's detainment of DECEDENT, who was unarmed, deprived DECEDENT of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

93. The training policies of the defendant DEPARTMENT were not adequate to train the OFFICERS, with regards to using deadly force. As a result of the inadequate training the OFFICERS were not able to handle the usual and recurring situations with which they must deal, including making contact with unarmed individuals. These inadequate training policies existed prior to the date of this incident and continue to this day.

94. The CITY and DEPARTMENT were deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA, adequately with regards to using deadly force to detain. This inadequate training includes, but is not limited to, failing to teach officers to give a verbal warning when feasible prior to using deadly force to detain, to avoid unnecessarily carrying out detaining methods which restrict a detainee's ability to breathe, to distinguish knives from garage door remote controls, to avoid dismissing a detainee's plea for assistance, and to use less lethal options of detainment when a detainee expresses that the current method of detainment is restricting their ability to breathe.

95. CITY and DEPARTMENT was aware that failure to implement some sort of training with regards to their officers' use of deadly force to detain and dealing with unarmed suspects, would result in continuing to have numerous unreasonable officers involved fatal

Milanfar Law Firm, PC

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

detaining of unarmed individuals annually.

96. The failure of the Defendant CITY and DEPARTMENT police department to provide adequate training with regards using deadly force, caused the deprivation of the Plaintiff's rights by the OFFICERS. In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

97. By failing to provide adequate training to CITY and DEPARTMENT police officers, including EDWARD BOLAR, JOSE GONZALEZ, KENNETH HALEY, and AARON SOSA, Defendants DOES 1-50, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

98. By reason of the aforementioned acts and omissions of Defendants DOES 1-50, Plaintiffs were caused to incur medical expenses, incur funeral and related burial expenses, and loss of financial support.

99. By reason of the aforementioned acts and omissions of Defendants DOES 1-50, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

100. Accordingly, Defendants DOES 1-50, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

101. Plaintiffs seek wrongful death and survival damages under this claim.

102. Plaintiffs also seek statutory attorney fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants City of Los Angeles, South Gate Police Department, Edward Bolar, Jose Gonzalez, Kenneth Haley, Aaron Sosa and DOES 1-50, inclusive, as follows:

    A. For compensatory damages in excess of $6,000,000, including both survival damages and wrongful death damages under federal and state law,

**Milanfar Law Firm, PC**

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

|   |   |
|---|---|
|    | in the amount to be proven at trial; |
| B. | For funeral and burial expenses, and loss of financial support; |
| C. | For punitive damages against the individual defendants in an amount to be proven at trial; |
| D. | For interest; |
| E. | For reasonable costs of this suit and attorneys' fees; and |
| F. | For such further other relief as the Court may deem just, proper, and appropriate. |
| G. | For treble damages under Civil Code Section 52.1. |

Dated: January 28, 2021                    MILANFAR LAW FIRM

By:   /s/ Shahrad Milanfar
Shahrad Milanfar
Donavon J. Sawyer
Attorneys for Plaintiffs
ROSEMARIE MENDOZA and ARTHUR MENDOZA

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: January 28, 2021                    MILANFAR LAW FIRM

By:   /s/ Shahrad Milanfar
Shahrad Milanfar
Donavon J. Sawyer
Attorneys for Plaintiffs
ROSEMARIE MENDOZA and ARTHUR MENDOZA