UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-00786-VAP-RAOx | Date | January 20, 2022 |
|---|---|---|---|
| Title | *Rosemarie Mendoza et al v. City of Los Angeles et al* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiffs: | Attorney(s) Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:   MINUTE ORDER GRANTING IN PART PETITION FOR MINORS' COMPROMISE [DKT. 42, 43] (IN CHAMBERS)**

Marie Cruz Gonzales, Guardian *Ad Litem* for minor Plaintiffs M.Y.M. and Y.M.M.,[1] filed two Petitions for Minors' Compromise ("Petitions") on January 13, 2022.  (Dkt. 42, 43).  The Court has considered the papers filed in support of the Petition and deems this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15.  For the following reasons, the Court rules as follows:

### I.    Background

On January 28, 2021, Plaintiffs Rosemarie Mendoza and Arthur Mendoza filed a First Amended Complaint ("FAC") against Defendants City of Los Angeles,

---

[1] The Court has redacted the names of Decedent's minor children in compliance with Federal Rule of Civil Procedure 5.2, which mandates that, if the involvement of a minor child must be mentioned, only the initials of that child should be used.  Fed. R. Civ. P. 5.2.  It is the responsibility of the filer to ensure full compliance with the redaction requirements of the Federal Rules of Civil Procedure.  The Court notes that this is the second time it has reminded Counsel of Rule 5.2's redaction requirements.

City of South Gate, South Gate Police Department, and Officers Edward Bolar, Jose Gonzalez, Kenneth Haley, and Aaron Sosa.  The Complaint alleged five claims under 42 U.S.C. § 1983 against Defendants in connection with the fatal detention of decedent Arturo Mendoza on January 28, 2021.  (FAC, Dkt. 4).

The parties participated in a mediation with the Honorable William McCurine, Jr. (Ret.) of Judicate West on October 19, 2021, at which time a conditional settlement agreement was reached.  In consideration of the conditional settlement agreement, Plaintiffs and Defendants stipulated that Plaintiffs should be granted leave to amend to file their Second Amended Complaint ("SAC") to add Jessica Mendoza, M.Y.M., and Y.M.M. as additional plaintiffs to this action.  (Id. ¶ 14; Exhibit 5).  The Court granted permission for Plaintiffs to file a SAC on November 19, 2021 (Dkt. 30).

On December 7, 2021, Plaintiffs Rosemarie Mendoza, Arthur Mendoza, Jessica Mendoza, minor M.Y.M. (through his Guardian *Ad Litem* Marie Cruz Gonzales), and minor Y.M.M. (through her Guardian *Ad Litem* Marie Cruz Gonzales), filed their Second Amended Complaint ("SAC") against Defendants. (Dkt. 31).  Plaintiffs Rosemarie Mendoza, Jessica Mendoza, and minor Y.M.M. are the decedent's daughters, and Plaintiffs Arthur Mendoza and minor M.Y.M. are the decedent's sons.  (*Id.* at 2).

Under the settlement, Plaintiffs would receive a gross amount of $1,900,000.  (Petition, at 3).  Plaintiffs have agreed that the funds be divided equally, with each Plaintiff receiving $380,000.00.  (*Id.* at 4).  Plaintiff's counsel is entitled to recover 40% of the settlement amount under their retention agreement, but are requesting only 35% from each minor Plaintiff's settlement amount. (*Id.* at 6).

Plaintiffs M.Y.M. and Y.M.M, through their Guardian Ad Litem, filed the instant Petitions on January 13, 2022.  (Dkt 42, 43).  Plaintiffs also attached two Declaration from Plaintiffs' Counsel, Shahrad Milanfar, and copies of Attachment 19b(3), which details the terms and conditions of the structured payments payable to minor Plaintiffs.   (Dkt. 42-1, 42-2).

## II.    Legal Standard

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  In the context of evaluating proposed settlements in suits involving minor plaintiffs, the district court has a duty to "conduct its own inquiry to determine whether the settlement

serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). This duty requires the district court to consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1182.

When evaluating a case involving minor plaintiffs' federal claims,[2] the district court must "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for . . . plaintiff's counsel."[3] *Id.* If the net recovery of each minor plaintiff is fair and reasonable, the Court should approve the settlement "as presented." *Id.* at 1182.

### III.    Discussion

Plaintiffs move the Court to approve the settlement in its entirety, including: the payment of $380,000 to minor Plaintiff M.Y.M. through structured settlement, 35% attorneys' fees ($133,000) from M.Y.M's settlement amount, and costs from M.Y.M. in the amount of $1,004.30; and the payment of $380,000 to minor

---

[2] The Ninth Circuit explicitly limited its holding to cases "involving" the settlement of a minor's federal claims. *See Robidoux*, 638 F.3d at 1179 n.2. The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. Here, however, the Court has federal question jurisdiction and is exercising supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, as the case "involves" the settlement of Plaintiffs' federal claims, the Court applies the *Robidoux* standard to the entire settlement. *See Guerrero v. Brentwood Union Sch. Dist.,* No. 13-03873, 2014 WL 1351208, at *2 n.2 (N.D. Cal. Apr. 4, 2014) (applying *Robidoux* standard to settlement of section 1983 and state law claims); *Doe ex rel. Scott v. Gill*, Nos. 11-4759, 11-5009, 11-5083, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (applying *Robidoux* standard to settlement of federal and state law claims); *Botello v. Morgan Hill Unified Sch. Dist.*, No. 09-02121, 2011 WL 5313965, at *1 n.1 (N.D. Cal. June 6, 2011) (same).

[3] The Ninth Circuit has limited the District Court's ability to analyze the fairness of the proportion of a minor's settlement that is allocated for attorneys' fees. *See Rubidoux*, 638 F.3d at 1181 (reversing District Court's decision to deny a minor's settlement agreement on the basis that the settlement allocated 56 percent of the settlement to attorneys' fees because the district court applied the wrong legal standard).

---

Plaintiff Y.M.M. through structured settlement, 35% attorneys' fees ($133,000) from Y.M.M.'s settlement amount, and costs in the amount of $1,004.30.

### a.   Methods of Disbursement

The Plaintiffs' proposed structured settlement annuities protect the minors' interests as the settlement will be released after the minor Plaintiffs have reached the age of majority.  Although the amounts are unreasonable, as explained below, the Court finds the methods of disbursements to the minors to be fair, reasonable, and within the bounds of applicable law.

### a.  Request for Attorneys' Fees by Counsel

The Court next considers the request for attorney's fees from minor Plaintiffs in the amount of $133,000 each, or 35% of their settlement amounts.

Local Rule 17-1.4 requires the Court to fix the amount of attorneys' fees in any case involving a minor.  *See* C.D. Cal. L.R. 17-1.4; *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("Local rules have the 'force of law' and are binding upon the parties and upon the court, and a departure from local rules that affects 'substantive rights' requires reversal.").  The Ninth Circuit's decision in *Robidoux* instructs "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs or plaintiffs' counsel."  *Robidoux*, 638 F.3d at 1182.  Although the parties did not raise this issue, the Court notes some courts have read *Robidoux* to suggest courts should not evaluate the reasonableness of attorneys' fees provisions in proposed settlement agreements of minors' claims.  *See, e.g., Allison v. Gramercy YZE, LLC*, No. 14-00862, 2014 WL 12569372, at *3 (C.D. Cal. Dec. 9, 2014) (grappling with reconciling Local Rule requiring court to fix amount of attorney's fees with *Robidoux* and deciding to fix attorney's fees for the settlement at $0 because the terms of the settlement proposed attorneys' fees would not be taken from the child's recovery); *Bagley v. Miller & Desatnik Mgmt. Co., Inc.*, No. 13-03784, 2014 WL 12607674, at *3 (C.D. Cal. Mar. 17, 2014) (same).  The Court does not agree with that interpretation as applied in this case.

This case has a key distinguishing feature from the facts presented in *Robidoux*.  In *Robidoux*, the district court had denied in part the parties' motion to approve the proposed settlement, which included as a material term that plaintiffs' counsel would recover approximately 56 percent of the settlement amount as attorneys' fees.  638 F.3d at 1182.  The Ninth Circuit found the district court

abused its discretion in denying in part the motion based on the amount of attorneys' fees alone because it placed "undue emphasis on the amount of attorneys' fees provided for in [the] settlement."  *Id.* at 1181.

Here, by contrast, the attorneys' fees at issue are not a material term of the proposed settlement.  In approving the settlement between Plaintiffs and Defendants, the Court has considered only "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases" as required by *Robidoux*.  *Id.* at 1182.  As stated herein, although it appears that the gross settlement between Plaintiffs and Defendants is reasonable, the net recovery for each minor Plaintiff is unreasonable and inconsistent with *Robidoux*.

The amount of attorneys' fees at issue here is an independent matter, the obligation arising from the retainer agreements between Plaintiffs and minor Plaintiffs' counsel.  The Court evaluates the request for attorneys' fees by minor Plaintiffs' counsel in light of its "special duty to safeguard the interests of litigants who are minors."  *Castillo v. County of Los Angeles*, No. 14-07702, 2017 WL 5188576, *3 (C.D. Cal. Mar. 6, 2017) (quotation marks and citation omitted); *see Castillo v. County of Los Angeles*, No. 14-07702, 2017 WL 5172172, at *5 (C.D. Cal. Jan. 6, 2017) (evaluating reasonableness of request for attorneys' fees in case involving a minor post-*Robidoux*, consistent with Central District of California's Local Rule 17-1.4's requirement that the court fix the amount of attorneys' fees in any case involving a minor); *Popal v. Nat'l Passenger R.R. Corp.*, No. 15-00553, 2016 WL 9114149, at *3 (N.D. Cal. Oct. 24, 2016) (evaluating reasonableness of request or attorneys' fees in connection with petition for minor's compromise post-*Robidoux*).

The Court applies California law to evaluate this request for attorneys' fees.  *See* C.D. Cal. L.R. 17-1.3 ("Insofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384."); *Mugglebee v. Allstate Ins. Co.*, No. 14-2474, 2018 WL 1410718, at *4 (S.D. Cal. Mar. 21, 2018) (concluding "[t]he *Robidoux* court did not mandate a specific standard to evaluate the reasonableness of attorney's fees" and applying California law to determine reasonableness of attorney's fees sought by minor plaintiff's counsel); *see also McCue v. S. Fork Union Sch. Dist.*, No. 10-00233, 2012 WL 2995666, at *2 (E.D. Cal. July 23, 2012) ("[f]ederal courts generally require that claims by minors . . . be settled in accordance with applicable state law") (quotation marks and citation omitted).  In *Gonzalez v. Chen*, 197 Cal. App. 4th 881, 884 (2011), the California Court of Appeal explained the factors set

forth in California Rule of Court 7.955 must be considered when evaluating a claim for attorneys' fees in the context of a minors' compromise petition. *See Gonzalez v. Diversified Real Prop. Mgmt. & Bus. Services, Inc.*, No. 09-718, 2010 WL 1015756, *2-3 (C.D. Cal. Mar. 29, 2010) (applying Rule 7.955 when evaluating reasonableness of request for attorneys' fees in representation of minor plaintiffs); *A.M.L. v. Cernaianu*, No. 12-06082, 2014 WL 12588992, at *4 (C.D. Cal. Apr. 1, 2014) (applying Rule 7.955 factors to evaluate reasonableness of attorneys' fees on alternative state law grounds); *see also Nephew v. Santa Rosa Mem'l Hosp.,* No. 15-01684, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015) (evaluating reasonableness of attorneys' fees on state law grounds in the alternative "to the extent *Robidoux* does not apply").  Plaintiffs' counsel presents declaration testimony regarding only some of the fourteen factors set forth in Rule 7.955.  (*See* Harper Decl.)

The Court gives weight to the promptness of the resolution of this case.  It also notes the factual and legal issues were not complex, nor were there novel or complex legal questions involved.  No expert discovery took place, and there was minimal motion practice as to discovery.  This case also settled well before trial and involved minimal motion practice.  Minor Plaintiffs' counsel did invest time and effort in discovery, including responding to 17 sets of discovery and propounding 15 sets of discovery on Defendants. (Peition, at 8). That is true of most civil rights cases, however.  On balance, the relevant factors set forth in California Rule of Court 7.955 do not weigh in favor of granting minor Plaintiffs' counsel's request for 35 percent of the minor Plaintiffs' settlement amount.

Moreover, counsel fails to explain why a higher percentage of attorney's fees is fair and reasonable to minor Plaintiffs or provide comparisons to other cases.  Although the Court cannot discern the minors' specific damages from the record, the Court notes the minors are young and lost their father in a violent manner.  Accordingly, in safeguarding "the interests of litigants who are minors," *Robidoux*, 638 F.3d at 1181, the Court is not persuaded that the net amount of the settlement, after the deduction of a 35 percent attorney's fee, is fair and reasonable.  Although counsel obtained a favorable result for his clients and should be credited with that achievement, the Court finds a reasonable attorney's fee for the services of minor Plaintiffs' counsel is 25 percent of the minor Plaintiffs' portion of the settlement fund, *i.e.*, after reimbursement of necessary costs.[3] *See Star & Cescent Boat Co. v. L,M, by and through Martinez*, No. 21-00482, 2021 WL 4843822, at *6 (S.D. Cal. Oct. 18, 2021) ("most courts require a showing of good cause to award more than 25% of any recovery") (internal quotations and citation omitted); *Leung v. China S. Airlines Co. Ltd.*, No. 19-00681, 2020 WL 11776515, at *3 (C.D. Cal. Jan. 27, 2020)

("This Court has found that 25% of recovery is the benchmark for attorney's fees in cases involving minors."); *Castillo*, 2017 WL 5172172 at *5 (fixing attorneys' fees at a percentage of the recovery of each minor plaintiff after costs were deducted).

Furthermore, although the Petition does not identify any other cases involving circumstances similar to those alleged in the Complaint, the Court performed its own review of the case law. The Court finds that counsel's 25 percent of the minor Plaintiffs' portion of the settlement fund, amounting in $95,000 in attorneys' fees from each minor Plaintiff, is fair and reasonable under the circumstances. *See e.g, A.G.A. v. County of* Riverside, NO. 19-00077, 2019 WL 2871160, at *4 (C.D. Cal. April 26, 2019) (approving settlement and counsel's 25 percent in attorney's fees in action involving the police shooting and killing minor plaintiff's father.); *Napier by and through Quiroz v. San Diego County*, No. 15-00581, 2017 WL 5759803, at *4 (S.D. Cal. Nov. 28, 2017) (same); *Garlick v. County of Kern*, No. 13-01051, 2016 WL 4087057, at *2 (E.D. Cal. Aug. 2, 2016) (same); *Cotton ex rel. McClure v. City of Eureka*, 2012 WL 6052519, at *1-2 (N.D. Cal. Dec. 5, 2012.) (approving $2,646,765.90 net amount for minor, following the death of her father after an altercation with police officers, from $4,000,000 settlement.)

The Court does approve counsel's request for reimbursement of costs in the amount of $1,004.30 from each minor Plaintiff. The Petition and counsel's Declaration have sufficiently explained that the total costs of mediation were $5,021.50, which is split between the Plaintiffs equally. (Petition at 7). *See Napier*, 2017 WL 5759803, at *3 ("to help the Court make the reasonableness determination the petition to approve the minor's compromise should provide a detailed listing of the litigation costs associated with the litigation.").

For the reasons stated above, although it appears that the gross settlement for $1,900,000 between Plaintiffs and Defendants is reasonable, the net recovery for each minor Plaintiff is unreasonable and inconsistent with *Robidoux* after Plaintiffs' counsel's requested fees. Accordingly, the Court awards counsel 25% in attorneys' fees from minor Plaintiff M.Y.M. and Y.M.M.'s settlement amounts.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiffs' Petition for Minors' Compromise. The Court awards fees of 25% to Plaintiffs' Counsel in the amount of $95,000 from each minor Plaintiff, for a total of $190,000. The

Court also awards costs to Plaintiffs' counsel from each minor Plaintiff in the amount of $1,004.30.

**IT IS SO ORDERED.**