Shahrad Milanfar (SBN 201126)
smilanfar@milanfarlaw.com
Donavon Sawyer (SBN 302560)
dsawyer@milanfarlaw.com
**MILANFAR LAW FIRM, P.C.**
925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
Telephone: (925) 433-6003
Facsimile: (925) 433-6004

Attorneys for Plaintiffs
ROSEMARIE MENDOZA; ARTHUR MENDOZA;
JESSICA MENDOZA; MICHAEL YANKEE MENDOZA, a minor,
by and through his Guardian Ad Litem MARIE CRUZ GONZALES;
and YVETTE MADIE MENDOZA, a minor, by and through her
Guardian Ad Litem MARIE CRUZ GONZALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARIE MENDOZA; ARTHUR MENDOZA; JESSICA MENDOZA; MICHAEL YANKEE MENDOZA, a minor, by and through his Guardian Ad Litem MARIE CRUZ GONZALES; and YVETTE MADIE MENDOZA, a minor, by and through her Guardian Ad Litem MARIE CRUZ GONZALES<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; CITY OF SOUTH GATE; SOUTH GATE POLICE DEPARTMENT; EDWARD BOLAR; JOSE GONZALEZ; KENNETH HALEY, AARON SOSA; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00786 VAP (RAOx)<br><br>**PLAINTIFFS' REQUEST FOR AN EXPEDITED PRE-TRIAL CONFERENCE VIA ZOOM**<br><br>[Declaration of Shahrad Milanfar; Exhibits; Proposed Order *filed concurrently herewith*]<br><br>Complaint Filed: January 28, 2021<br>Trial Date: March 29, 2022 |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Rosemarie Mendoza, Arthur Mendoza, Jessica Mendoza, Michael Yankee Mendoza, by and through his Guardian Ad Litem, Marie Cruz Gonzales, and Yvette Madie Mendoza, by and through her Guardian Ad Litem, Marie Cruz Gonzales (hereinafter "Plaintiffs"), hereby submit this Request For An Expedited Pre-Trial

1  Conference via Zoom, and to impose sanctions on Defendant City of South Gate (hereinafter
2  "Defendant"). This case has been settled based on the terms previously reported under seal to this
3  court (Dkt. No. 42, 43, 45). However, despite agreeing to fund the settlement by no later than
4  February 10, 2022, Defendant has failed to pay the majority of the settlement funds. Despite
5  repeated attempts by plaintiffs' counsel to obtain information about the status of the settlement
6  check, defense counsel has been unable to obtain a straight answer from the City of South Gate's
7  insurer. (Shahrad Milanfar's declaration, and exhibits are incorporated herein as though set forth
8  in full. Milanfar Decl. ¶ 3 and 8.) As a result, Plaintiffs' counsel has not been able to disburse the
9  settlement funds and dismiss the case. The case is currently set for **trial on March 29, 2022, with**
10 **a pre-trial conference set for March 21, 2022** (Dkt. No. 24). (Milanfar Decl. ¶ 4; Exhibit 1.)
11 Accordingly, good cause exists and Plaintiffs respectfully request that the Court set a hearing to
12 discuss the whereabouts of the settlement funds and to impose sanctions on the City of South
13 Gate for its failure to facilitate payment and an orderly dismissal of the case from the Court's
14 docket.

15 On January 22, 2022, and January 23, 2022, Plaintiffs and their counsel signed the above-
16 mentioned settlement agreement. On January 25, 2022, Al Rios, the Mayor of the City of South
17 Gate, signed the settlement agreement which detailed Defendant's above-mentioned obligation to
18 pay Plaintiffs the settlement funds no later than February 10, 2022. On January 27, 2022,
19 Defendants' counsel, Steven Rothans, Esq., signed the settlement agreement, thereby creating a
20 fully executed agreement amongst all parties and further underscoring Defendant's promise to
21 timely pay the settlement funds to Plaintiffs no later than February 10, 2022. (Milanfar Decl. ¶ 5;
22 Exhibit 1.)

23 On February 10, 2022, Defendant made partial payment of the settlement funds owed to
24 Plaintiffs by paying the Minor Plaintiffs' respective structured settlement annuities. Dkt. No. 42,
25 43, 45. Milanfar Decl. ¶ 6 and 7, Exhibit 2, p. 10 – 11. To date, Defendants have not paid the
26 remainder of the amounts owed to Plaintiffs. Since February 10, 2022, Plaintiffs' counsel has
27 repeatedly asked Defendants' counsel about the status of the remaining settlement funds owed to
28 the Plaintiffs. (Milanfar Decl. ¶ 7; Exhibit 2). On more than one occasion, Defendants' counsel

**Milanfar Law Firm, PC**

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

has informed Plaintiffs' counsel that the check for the remaining settlement funds were out for delivery or in the mail. In response, Plaintiffs' counsel made several requests for a tracking number to assist him in pinpointing the location and whereabouts of the settlement check, but no tracking number has been provided by defense counsel or their client. (Milanfar Decl. ¶ 8; Exhibit 2, pp. 3 – 9; Exhibit 3.) On other occasions, Defendants' counsel has stated that they are experiencing difficulties establishing contact with their client's insurer, and they suggested that Plaintiffs' counsel "relax" because Defendant will ultimately send the remaining settlement amount to Plaintiffs. Yet, to date there is no indication as to when the settlement funds will be received by Plaintiffs' counsel.  (Milanfar Decl. ¶ 9; Exhibit 2, pp. 1 – 3; Exhibit 3.)

According to **Local Rule 16-15.7**:

**Report of Settlement.** If a settlement is reached, counsel shall (a) immediately report the settlement to the trial judge's courtroom deputy clerk; and (b) timely memorialize the terms of the settlement.

The Court is aware of the settlement and its details (Dkt. No. 42, 43, and 45). The terms of the settlement have been memorialized and a payment date of February 10, 2022, was agreed on to fund the annuities and to facilitate timely dismissal of the case. Defendant has failed to make timely payment or to provide a reasonable explanation for their failure to pay. They have also failed to provide any timeline for late payment. (Milanfar Decl. ¶ 10.)

Federal Rules of Civil Procedure Rule 16 states as follows:

**Pretrial Conferences; Scheduling; Management**

**(a) Purposes of a Pretrial Conference.** In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:
    **(1)** expediting disposition of the action;
    **(2)** establishing early and continuing control so that the case will not be protracted because of lack of management;
    **(3)** discouraging wasteful pretrial activities;
    **(4)** improving the quality of the trial through more thorough preparation; and
    **(5)** facilitating settlement.

In this case, good cause exists for the Court to set a Pretrial Conference immediately to expedite the disposition of this action and to facilitate settlement. The Court has the power to

**Milanfar Law Firm, PC**

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

order attorneys to appear for the pretrial conference and to impose sanctions on defendants for causing wasteful pretrial activities. Had Defendant paid the full amount owed under the settlement agreement by February 10, 2022, Plaintiffs would have been in a position to dismiss the case well before the March 29, 2022 trial date. Defendant's lack of transparency has caused a case to remain on the Court's calendar when it should have otherwise been dismissed, because it was settled. Since defense counsel is not receiving transparent information from their client, we ask that the Mayor of the City of South Gate be ordered to appear at the Pre-Trial Conference.

Therefore, Plaintiffs respectfully ask that this Court issue an Order:

1. Setting a Pre-Trial Conference, via Zoom, as soon as possible.

2. Ordering City of South Gate Mayor Al Rios and defense counsel to appear for the pre-trial conference to explain why the settlement has not been paid in full, when it will be paid in full, and why the City of South Gate should not be sanctioned for its conduct.

3. To discuss why the City of South Gate should not be sanctioned, $314 per day from February 10, 2022, until payment is made, for its failure to honor its obligations in paying the settlement funds in a timely fashion.

While Plaintiffs and their counsel regret to have to bring such a request, without the settlement funds, Plaintiffs are not able to dismiss the case before trial. Plaintiffs' counsel has attempted for the last 14 days to meet and confer with defense counsel to no avail. As a last resort, Plaintiffs and their counsel ask that the Court intervene on behalf of Plaintiffs so that this case can be dismissed from the Court's docket. We thank you for your time and efforts.

Dated: February 24, 2022                MILANFAR LAW FIRM

                                        By:    /s/ Shahrad Milanfar
                                        Shahrad Milanfar
                                        Donavon J. Sawyer
                                        Attorneys for Plaintiffs
                                        ROSEMARIE MENDOZA; ARTHUR
                                        MENDOZA; JESSICA MENDOZA;
                                        MICHAEL YANKEE MENDOZA, a minor,
                                        by and through his Guardian Ad Litem
                                        MARIE CRUZ GONZALES;
                                        and YVETTE MADIE MENDOZA, a minor,
                                        by and through her Guardian Ad Litem
                                        MARIE CRUZ GONZALES

**Milanfar Law Firm, PC**

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003

**CERTIFICATE OF SERVICE**
*Rosemarie Mendoza, et al. v. City of Los Angeles, et al.*
U.S.D.C. Central District, Case No.: 2:21-cv-00786 VAP (RAOx)

I, Summer Mathur, declare that I am, and was at the time of service of the documents herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of Contra Costa, State of California. My business address is 925 Ygnacio Valley Road, Suite 103 C, Walnut Creek, California 94596, United States.

On **February 24, 2022**, I served true copies of the following document(s) described as:

**PLAINTIFFS' REQUEST FOR AN EXPEDITED PRE-TRIAL CONFERENCE VIA ZOOM**

**DECLARATION OF SHAHRAD MILANFAR IN SUPPORT OF PLAINTIFFS' REQUEST FOR AN EXPEDITED PRE-TRIAL CONFERENCE VIA ZOOM**

**[PROPOSED] ORDER APPROVING PLAINTIFFS' REQUEST FOR AN EXPEDITED PRE-TRIAL CONFERENCE VIA ZOOM**

on the interested parties in this action as follows:

**SERVICE LIST**
*Rosemarie Mendoza, et al. v. City of Los Angeles, et al.*
U.S.D.C. Central District, Case No.: 2:21-cv-00786 VAP (RAOx)

XX    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **February 24, 2022**, at Walnut Creek, California.

           /s/ Summer Mathur
           Summer Mathur

**Milanfar Law Firm, PC**

925 Ygnacio Valley Road, Suite 103C
Walnut Creek, CA 94596
925-433-6003